**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROSALEE V. ZARROW,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-4116** |
| | : | |
| **FAITH DALESSIO,** | : | |
| **Defendant.** | : | |

# MEMORANDUM

**MARSTON, J.** **August 24, 2026**

Pro se Plaintiff Rosalee V. Zarrow brings this civil action pursuant to 42 U.S.C. § 1983 against her rental manager, Faith Dalessio.[1] She also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Zarrow leave to proceed *in forma pauperis* and dismiss her Complaint.

## I. FACTUAL ALLEGATIONS[2]

Zarrow's allegations are brief. She asserts that, "[u]nder color of law, FAITH DALESSIO et, al., failed to protect I (The Plaintiff's) right to practice my religion by allowing a contractor to enter I (The Plaintiff's) property that's being rented by I (The Plaintiff)." (Compl. at 4.) Specifically, she alleges that Dalessio wanted to have a contractor enter the apartment on Sunday, June 14, 2026. (*Id.*) Zarrow sent Dalessio a text message 24 hours in advance, stating that she would not be available to let the contractor in because she would be at church, and she "forward[ed] the law that [Dalessio would] be breaking" by letting the contractor in without her

[1] Zarrow adds "et, al." after Dalessio's name, implying that there are additional Defendants. (Compl. (Doc. No. 2) at 1–2.) However, no additional Defendants are named in the Complaint.

[2] The facts set forth in this Memorandum are taken from Zarrow's Complaint (Doc. No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

consent. (*Id.*) It is unclear exactly what occurred on June 14, but Zarrow states that Dalessio "failed to protect my property by discriminating under my religion with regards to forcing I (The Plaintiff) to choose either to not go to church or have my apartment broken into while being at church services." (*Id.*)

Zarrow alleges she "is having a mental injury, by the Rental Manager being discriminative [sic] towards my religion." (*Id.* at 5.) She also alleges she "is having a physical injury, by being intimidated by the Rental Manager of this property." (*Id.*) She asserts a Fourteenth Amendment due process claim and also cites "Section 804(c) FHA of (Discrimination under Religion)."[3] (*Id.* at 3.) She seeks millions of dollars in monetary damages. (*Id.* at 5.)

## II. STANDARD OF REVIEW

The Court will grant Zarrow leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant.

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog & Pollution, Inc. v.*

---

[3] The Court infers, based on the context of the Complaint, that Zarrow is referring to Section 804(c) of the Fair Housing Act, 42 U.S.C. § 3601 et seq., which makes it unlawful:

> To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

42 U.S.C. § 3604(c). The statute has no apparent relevance to the facts alleged in Zarrow's Complaint.

*Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted). In assessing the Complaint, the Court is mindful of its obligation to liberally construe a pro se litigant's pleadings. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court begins by considering whether we have subject matter jurisdiction over any of Zarrow's claims.

### A. Federal Claims

Zarrow attempts to invoke this Court's federal question jurisdiction, 28 U.S.C. § 1331, by using the Court's form complaint for a plaintiff alleging a civil rights violation and asserting a due process claim under 42 U.S.C. § 1983 and a claim under the Fair Housing Act. However, "wholly insubstantial" claims are insufficient to invoke federal question jurisdiction, even if they purport to be predicated on a federal statute. *Shapiro v. McManus*, 577 U.S. 39, 45 (2015) ("We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former.") (cleaned up); *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408–09 (3d Cir. 1991) (dismissal of claims for lack of subject matter jurisdiction is

proper "when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous" (cleaned up)). The factual scenario described in the Complaint as the basis for Zarrow's claims, a dispute between a tenant and her rental manager regarding the timing of a contractor's access to the apartment, does not raise a substantial federal question for jurisdictional purposes.[4] *Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (concluding that civil rights claims were insufficient to invoke federal question jurisdiction because "Rose's conclusory reference to 'civil rights' does not convert his tort claims against non-state actors into constitutional claims"); *Yoder v. Morrow*, 671 F. App'x 27, 29 (3d Cir. 2016) (affirming dismissal for lack of subject matter jurisdiction because "[a]lthough Yoder's complaint purported to rely on 42 U.S.C. § 1983, her allegations do not actually implicate that federal statute"). Accordingly, the Court may not exercise jurisdiction under § 1331.

**B. State Law Claims**

Zarrow's Complaint is best construed as raising tenant's rights or trespass claims under state law. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name."). District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

---

[4] Zarrow has not alleged facts to support a plausible conclusion that Dalessio, the sole defendant in this action, is a state actor. She states that "[u]nder color of law, FAITH DALESSIO et, al. discriminated against I (The Plaintiff) . . . ." (Compl. at 4.) The conclusory reference to "under color of law" is not sufficient to allege that Dalessio, her rental manager, is a state actor. *See Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (concluding that district court properly dismissed plaintiff's claims against landlords because they were not state actors and plaintiff "present[ed] no allegation giving rise to a plausible inference that the Landlords conspired with state actors to deprive [him] of his constitutional rights"); *see also Clarke v. City of Philadelphia*, No. 25-2802, 2025 WL 2462753, at *5 (E.D. Pa. Aug. 25, 2025) (dismissing § 1983 claim against property manager, noting that allegations that she sought to evict plaintiff or change the locks on her apartment did not make her a state actor).

between . . . citizens of different States." 28 U.S.C. § 1332(a). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). For diversity purposes, an individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Several factors may be relevant in determining an individual's domicile, including "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business," as well as "location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (quotation marks and citations omitted).

Zarrow does not allege the citizenship of the parties. However, she provides Pennsylvania addresses for herself and Defendant Dalessio, which suggests that the parties are not completely diverse. (Compl. at 2.) Zarrow has therefore failed to meet her burden of demonstrating that this Court has subject matter jurisdiction over any state law claims she may be raising. *See Lincoln Benefit Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3); *Smith v. Albert Einstein Med. Ctr.*, No. 08-5689, 2009 WL 1674715, *4 (E.D. Pa. June 11, 2009) ("Diversity jurisdiction requires complete diversity between the parties . . . . [N]o single Plaintiff may be a citizen of the same state as any single Defendant." (citations omitted)). Accordingly, any state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Zarrow leave to proceed *in forma pauperis* and dismiss her Complaint for lack of subject matter jurisdiction. The Court concludes that further amendment would be futile under the circumstances of this case, but notes that the dismissal is without prejudice to Zarrow refiling her claims in state court, where federal jurisdiction will not be an issue.[5] *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice" (citation omitted)). A dismissal Order follows, which shall be docketed separately. *See* Fed. R. Civ. P. 58.

[5] The Court expresses no opinion on the merits of Zarrow's claims.